FILED

DEC 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TERRY ALUISI,

                Plaintiff - Appellant,

  v.

UNUM LIFE INSURANCE COMPANY
OF AMERICA, AKA UNUM Provident;
et al.,

                Defendants - Appellees.

No. 09-17828

D.C. No. 1:04-cv-05373-AWI-
SMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted December 10, 2010
San Francisco, California

Before: HAWKINS and N.R. SMITH, Circuit Judges, and PRO, District Judge.[**]

1.    The district court did not clearly err in finding that the record was adequate

for review. *See Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 629

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Philip M. Pro, United States District Judge for the
District of Nevada, sitting by designation.

(9th Cir. 2009). The record contained current medical records from five doctors; results of X-rays, MRIs, CT scans, and other diagnostics; correspondence between Unum and Aluisi and his doctors; and a personal interview with Aluisi. ERISA requires that the plan administrator engage in a meaningful dialogue and allow the claimant an opportunity to submit evidence to support his claim. *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 522 F.3d 863, 870 (9th Cir. 2008). This includes telling the beneficiary, in language he can understand, the reason for the denial of his claim and what additional information is necessary to perfect his claim. 29 C.F.R. § 2560.503-1(g)(1). At oral argument Aluisi conceded that Unum did not violate any of ERISA's statutory procedures. Unum's denial letter clearly explained to Aluisi that his claim was being denied because video surveillance contradicted his claims that he was in extreme pain after more than fifteen minutes of sitting, standing, or walking. Aluisi was given the opportunity to view and respond to the video surveillance and to explain how his back condition prevented him from working. The record was an adequate basis for Unum's decision.

2.     We review a district court's choice and application of the appropriate standard of review for reviewing benefits decisions by an ERISA plan administrator *de novo*. *Pannebecker v. Liberty Life Assurance Co. of Boston*, 542

F.3d 1213, 1217 (9th Cir. 2008). We review the district court's underlying findings of fact for clear error. *Id.*

The district court found that Unum had a structural conflict of interest and a history of biased claims administration. It also noted that Unum's use of the Dictionary of Occupational Titles rather than Aluisi's actual job description was minor evidence of a conflict. On the other hand, the court found that Unum had implemented procedures to prevent bias, which minimized the importance of the conflict of interest. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008). Therefore, the court applied a medium level of skepticism to Unum's determination to deny benefits. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967-68 (9th Cir. 2006) (en banc) (degree of skepticism depends on nature, extent, and effect of conflict of interest).

On appeal Aluisi argues that minor errors in processing his claim, Unum's alleged lies, and some inaccurate medical reviews justify a greater degree of skepticism. We disagree. First, while Unum made minor errors when requesting medical records, these errors did not prevent Unum from effectively obtaining and evaluating the records. Second, Aluisi's allegation that Unum lied to him or to other parties is not supported by the record. Finally, while the first medical reviews by Nurse Cross do show signs of bias, this does not warrant a greater

3

degree of skepticism than the district court applied. Despite Nurse Cross's bias, the reviews contain large portions of the original records. In addition, following her reviews, Aluisi's claim was granted. Later reviews did not show the same bias. Aluisi's claim was denied based on the inconsistency between his observed activities and his self-reported claims of pain, not Nurse Cross's evaluations. The district court's application of a medium degree of skepticism was therefore sufficient to account for Unum's conflict of interest and any minor defects in Unum's claims process.

3. We agree with the district court that Unum's decision was adequately supported by the record and not an abuse of discretion. Aluisi repeatedly told Unum that he was unable to work because sitting, standing, or walking for more than fifteen minutes caused him unbearable pain. He later claimed that this pain prevented him from working because he could not concentrate. The surveillance video, however, provided objective evidence contradicting Aluisi's assertion that he had unbearable pain. The opinion of a treating physician is not entitled to any special deference under ERISA, but the plan administrator may not arbitrarily ignore credible evidence. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834 (2003). Although Dr. Azevedo disagreed with Unum's opinion that the video disproved Aluisi's disability, Aluisi's primary physician, Dr. Javaid, agreed with

4

Unum. Moreover, rather than simply ignoring Dr. Azevedo's opinion, Unum's physician adequately explained his reasons for disagreeing with Dr. Azevedo. Unum did not abuse its discretion by denying Aluisi's claim.

4.      Appellee's Motion to Strike Portions of Appellant's Brief and Record Excerpts Not in the Record is granted.

AFFIRMED.